## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| J.W. TAYLOR, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00036-MTS |
| | ) | |
| DUNKLIN COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).  The Court will dismiss the action for the reasons below.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *Accord id.* § 1915A(b).  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of

law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (per curiam); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is a pretrial detainee at the Dunklin County Justice Center in Kennett, Missouri. He brings this suit under 42 U.S.C. § 1983 against Steven Geary, Tiffany Cade, Allen Reagen, Alexander Ray, Dunklin County, and the State of Missouri. Defendants Geary, Cade, Reagan, and Ray are Correctional Officers at the Justice Center. Plaintiff does not specify whether he is suing these Defendants in their official or individual capacities.[1]

Plaintiff asserts that Officer Cade placed him in a cell on April 11, 2022. When Plaintiff asked to be removed, Officer Cade "responded in a[n] unprofessional way by using foul language and throwing a clipboard." Plaintiff then "had to lock-down in a cell with known

---

[1] Plaintiff failed to indicate the capacity in which he sued them even though the form he used contains a simple checkbox for each Defendant.

enemies and got into a fight that lasted 45 minutes[.]"[2]  Plaintiff suffered injuries to his back, head, and ribs.  Following the fight, Plaintiff asked for protective custody.  Unspecified officers responded by taking pictures of Plaintiff's injuries and placing him in the "drunk tank."  Plaintiff did not receive medical treatment at the time.  He states: "Supervisor Geary and C.O. Allen came and helped me out of G-Pod cell 2060[.] While in the drunk tank I had to lay on concrete while injured."

Plaintiff next asserts that he was tased while in wrist restraints.  He alleges that he suffered burns on his wrists and "didn't get to see medical at all[.]"  Plaintiff contends that unspecified individuals were "trying to cover it up" and that an unspecified officer was fired after repeatedly using excessive force.  Plaintiff does not state how or if the tasing incident relates to the lockdown incident.

Plaintiff has attached several Grievance Forms to his Complaint.  Two of the forms, both dated February 16, 2024, contain allegations that unspecified officers were opening Plaintiff's legal mail.  Two other forms, both dated December 2, 2023, relate to Plaintiff's concerns about blood work.  Two more forms, dated December 20 and December 21, 2023, appear to relate to the tasing incident but offer no clarifying details.  In a Grievance Form dated April 26, 2022, Plaintiff requests "that something be done" about the April 11, 2022, incident "where [he] was assaulted by 2 other inmates trying to help another inmate fight for his life."  Plaintiff states on the form that he informed "C.O. Dani" that he would "have problems if moved into G-Pod cell 206" and that C.O. Dani "got upset and threw her clipboard and left[.]"[3]

---

[2] It is unclear from the Complaint whether the initial cell is also where the fight occurred.

[3] Plaintiff does not name C.O. Dani as a Defendant.  The factual allegations in this Grievance Form seem to match those lodged against Officer Cade in Plaintiff's Complaint.  It is unclear whether Dani and Cade are the same individual.

On another form with the same date, Plaintiff states that he "was not seen by medical for over 24 hours" despite suffering injuries to his head, shoulder, and ribs. The remaining two Grievance Forms contain a single sentence each and are difficult to comprehend without additional context.

## Discussion

Plaintiff's Complaint arises from two distinct occurrences. Liberally construed, Plaintiff appears to assert that Defendants failed to protect him from other inmates on April 11, 2022, and that Defendants were deliberately indifferent to Plaintiff's subsequent injuries. Plaintiff also appears to assert an excessive-force claim for being tased while in wrist restraints. Such joinder of unrelated claims is improper under Rule 20 of the Federal Rules of Civil Procedure. Ordinarily, the Court would order Plaintiff to file an amended complaint that focuses on either the lockdown incident or the tasing incident. But because the Court finds that Plaintiff has failed to state a plausible claim relating to either incident, the Court will dismiss this action without prejudice.

### 1. Official Capacity Presumed

A plaintiff can bring a 42 U.S.C. § 1983 claim against a public official acting in their official capacity, their individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). As noted above, Plaintiff does not specify whether he sues the Correctional Officers in their official or individual capacities. Thus, the Court must interpret the Complaint as including only official-capacity claims. *See id.*; *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is

4

sued only in his or her official capacity."); *cf. Baker v. Chisom*, 501 F.3d 920, 926 (8th Cir. 2007) (Gruender, J., concurring in part and dissenting in part) (describing this capacity rule as having "mutated into a bright-line presumption").

An official-capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535; *see also Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). Thus, to prevail on his claims, Plaintiff must establish the governmental entity's liability for the alleged misconduct. *Kelly*, 813 F.3d at 1075.

Here, because the Correctional Officers work for the Dunklin County Justice Center, Plaintiff must establish the liability of Dunklin County itself, the suable entity for which Defendants work. *See LaDeaux v. Woodbury Cnty. Jail*, 857 F. App'x 892, 893 (8th Cir. 2021) (per curiam) ("As to the claims against the unnamed Jail staff, the complaint stated only official-capacity claims, and thus raised claims only against Woodbury County itself."); *cf. De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam) (modifying dismissal against county jail to be without prejudice so defendant could "refile his complaint to name a suable entity"); *see also, e.g.*, *Wilson v. Richmond Heights Police Dep't*, 4:21-cv-01302-JCH, 2022 WL 203447, at *5 (E.D. Mo. Jan. 21, 2022) (official capacity claim against police officer "treated as a claim against the City of Richmond Heights itself, his employer"). For the reasons that will be explained in the next section, Plaintiff's

Complaint fails to state a claim upon which relief can be granted against Dunklin County.  For that reason, the Court will dismiss the action against these individuals.

### 2. *Monell* Liability

Plaintiff's claims against Dunklin County itself fail.  A local governing body can be sued directly under 42 U.S.C. § 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  To prevail on this type of claim, Plaintiff must establish Dunklin County's liability for the alleged misconduct.  *See Kelly*, 813 F.3d at 1075.  Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff does not allege that Dunklin County violated his constitutional rights via an official policy, unofficial custom, or failure to train and supervise.  While Plaintiff need not specifically plead that an unconstitutional policy or custom exists, he must at least allege facts supporting the existence of such a policy or custom.  *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).  Plaintiff makes no such allegations in the Complaint, and it is well established that the Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence.  *See, e.g.*, *Wedemeier v. City of Ballwin*, 931 F.2d 24, 26 (8th Cir. 1991).  Thus, Plaintiff's Complaint fails to state a claim upon which relief can be granted against Dunklin County.

### 3. Sovereign Immunity

Plaintiff also brings this suit against the State of Missouri.  In the absence of a waiver, the Eleventh Amendment bars this suit against Missouri.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *Alden v. Maine*, 527 U.S. 706, 747 (1999) (explaining that while "certain suits for declaratory or injunctive relief against state officers" are permitted, sovereign immunity bars relief against States themselves in both state and federal courts).  Thus, the Court will dismiss Plaintiff's claims against Missouri.

### Conclusion

For the reasons above, the Court will enter an Order of Dismissal, dismissing this action without prejudice.  *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED** as moot.  Doc. [3].

Dated this 18th day of September 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE